**FILED**

8:08 am, 4/13/20

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

CLINT RAYMOND WEBB,

        Petitioner,

    vs.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN,
WYOMING ATTORNEY GENERAL,

        Respondents.

Case No.  1:19-cv-39-ABJ

---

**ORDER GRANTING RESPONDENTS' MOTION TO PARTIALLY DISMISS
PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY AND
DISMISSING ENTIRE PETITION WITH PREJUDICE**

---

This matter is before the Court upon a Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody, filed by Petitioner Clint Raymond Webb

[Doc. 1], and a Motion to Partially Dismiss said petition filed by Respondents. [Doc. 20.]

The Court, having carefully considered each pleading, having reviewed the complete file

herein, and being otherwise fully advised, FINDS Respondents' Motion to Partially

Dismiss should be GRANTED, and FURTHER FINDS that all claims set forth in the

petition should be dismissed.  All dismissals are WITH PREJUDICE.

1

# BACKGROUND

Petitioner Clint Raymond Webb was convicted of two counts of aggravated assault and battery with a deadly weapon, one count of felony property destruction, and one count of attempted second-degree murder. *Webb v. State*, 401 P.3d 914, 918 (Wyo. 2017). He was sentenced to "concurrent terms of five to seven years for each count of aggravated assault and battery with a deadly weapon, a concurrent term of one to three years for the felony property destruction, and a consecutive term of thirty to forty-five years for the attempted second degree murder." *Id.* at 919-920.

The Wyoming Supreme Court succinctly described the factual background of these offenses in its opinion affirming Petitioner's convictions:

> On June 30, 2014, Julie Webb was driving her Nissan Murano in Casper, Wyoming. As she was stopped at the intersection of Walsh and Second Street, she saw her estranged husband, Mr. Webb, in his Honda Ridgeline. Ms. Webb testified that as the two passed each other in the intersection, Mr. Webb yelled a profanity at her, but Ms. Webb ignored him and continued driving. A couple of blocks later, when Ms. Webb approached the intersection of 12th Street and Payne, she saw Mr. Webb approach a nearby stop sign and then begin to drive directly towards her car. Ms. Webb swerved in an attempt to avoid a collision but was unsuccessful. Mr. Webb hit the Murano with enough force that the airbags deployed and a number of car parts scattered across the road. Mr. Webb fled the area, and Ms. Webb exited her car and attempted to call 911.
>
> Before Ms. Webb could connect with the 911 operator, she heard "car engines revving up." When she looked up, she saw the Honda Ridgeline turn the corner. She ran into a nearby yard and Mr. Webb drove his vehicle quickly from the roadway, onto a sidewalk, and toward Ms. Webb. Ms. Webb was able to jump out of the Ridgeline's path and, with the help of a Good Samaritan, sought refuge in the basement of the Samaritan's home. Again, Mr. Webb fled the scene, striking a parked vehicle in the process. After abandoning the Ridgeline and taking his mother's car, Mr. Webb drove to Las Vegas, Nevada, and turned himself into the authorities three days later.

*Id.*, at 919.

Petitioner's week-long trial began on July 27, 2015, and the jury found him guilty on all counts. *Id.* He was sentenced in December 2015.

Petitioner appealed his convictions to the Wyoming Supreme Court, raising six issues:

> I. Was [Wyoming Rule of Criminal Procedure] 48 violated when [Mr. Webb] was prosecuted for the same charges after dismissal, when [he] had filed a demand for speedy trial?
>
> II. Was [Mr. Webb] denied his constitutional right to a speedy trial?
>
> III. Did the prosecutor commit misconduct in closing argument when he mischaracterized the role of the defense expert witness, Dr. Loftus?
>
> IV. Was trial counsel ineffective for failing to offer an accident instruction?
>
> V. Did plain error occur[ ] when the trial court gave an inference of malice instruction?
>
> VI. Should this Court reconsider its holding in *Jones v. State*, 2016 WY 110, [384 P.3d 260] (Wyo. 2016) as this Court did not analyze the legislative history of Wyo. Stat. Ann. §§ 6-2-502(a)(ii) and 6-2-104 and determine that the legislature expressly intended the result reached in *Jones*?

*Webb v. State*, 401 P.3d at 918-919.

The Court issued its opinion on September 15, 2017, affirming all four convictions. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. [Doc. 1, p. 3.]

In July of 2018, Petitioner filed a Petition for Post-Conviction Relief in state district court. The petition, including its various exhibits, was almost 700 pages in length. *See Webb v. The State of Wyoming*, S-18-0291, Petition (Wyoming Supreme Court Dec. 14,

2018) [Doc. 19-4]. Petitioner raised ten claims in his petition, reiterated below from the

district court's order:

> I. The Wyoming Supreme Court violated his right to due process by inconsistently interpreting the law on speedy trial, (Petition at l04);
>
> II. The Supreme Court violated his right to equal protection by applying speedy trial precedent from cases that are factually distinguishable from his case, (*Id.* at 138);
>
> III. Appellate counsel was ineffective due to a conflict of interest, (*Id.* at 187);
>
> IV. Appellate counsel was ineffective for not raising trial counsel's ineffectiveness in interviewing witnesses, (*Id.* at 191-92);
>
> V. Appellate counsel was ineffective for not raising trial counsel's ineffectiveness for failing to present evidence showing his innocence, (*Id.* at 197-98);
>
> VI. Appellate counsel was ineffective for not raising trial counsel's ineffectiveness in impeaching witnesses, (*Id.* at 209);
>
> VII. Appellate counsel was ineffective for not asserting constructive denial of counsel, (*Id.* at 220);
>
> VIII. Appellate counsel was ineffective for not raising trial counsel' s ineffectiveness in investigating tire marks, (*Id.* at 237);
>
> IX. Appellate counsel was ineffective for not raising *Brady* violations, (*Id.* at 242);
>
> X. Appellate counsel was ineffective for not alleging prosecutorial misconduct. (*Id.* at 261).

[Doc. 19-5, pp. 2-3.]

The district court issued its Findings of Fact, Conclusions of Law and Order on

November 27, 2018, granting the State's Motion to Dismiss in its entirety. In its eleven-

page order, the court reviewed each of Petitioner's ten claims and found that the claims

were either procedurally barred under Wyoming's post-conviction statute, Wyo. Stat. §7-14-103(a)(iii), or that Petitioner had failed to raise a claim cognizable under the post-conviction relief statute.   The court granted the State's motion to dismiss, denied the petition, and dismissed the claims with prejudice. [Doc. 19-5, p. 11.]

Petitioner next petitioned the Wyoming Supreme Court for a writ of certiorari/review, submitting his entire petition for post-conviction relief and additional briefing. *Webb v. State*, S-18-0291 (Wyoming Supreme Court, Dec. 14, 2018) [Doc. 19-6].  He raised eleven issues for the Court's review, arguing that the state district court abused its discretion in the following ways:

1. [B]y dismissing Mr. Webb's Count I constitutional due process claim by the district court and appellate court doing indirectly that which it cannot do directly by stating that it was barred by Wyo. Stat. Ann. § 7-14-103(a) and (a)(iii);

2. [B]y dismissing Mr. Webb's Count II constitutional equal protection claim of the district court and appellate court treating Mr. Webb differently than others who are similarly situated by stating that it was barred by Wyo. Stat. Ann. § 7-14-103(a) and (a)(iii);

3. [B]y dismissing Mr. Webb's Count III claim of ineffective assistance of appellate counsel due to a conflict of issue [sic] on the claim of ineffective assistance of trial counsel in his direct appeal where appellate counsel denied Mr. Webb from being able to bring to the record the evidence of ineffective assistance of trial counsel by stating that it was barred;

4. [B]y dismissing Mr. Webb's Count IV claim of ineffective assistance of trial counsel when Mr. Webb was denied conflict free representation on the claim of ineffective assistance of trial counsel on his direct appeal;

5. [B]y dismissing Mr. Webb's Count V constitutional due process claim where innocence may be proven with new reliable exculpatory evidence and critical physical evidence that was not presented at trial;

6.  [B]y dismissing Mr. Webb's Count VI claim of ineffective assistance of trial counsel when Mr. Webb was denied conflict free representation on the claim of ineffective assistance of trial counsel on his direct appeal;

7.  [B]y dismissing Mr. Webb's Count VII claim of the district court's constructive denial of counsel to Mr. Webb;

8.  [B]y dismissing Mr. Webb's Count VIII constitutional due process claim where innocence may be proven with new critical physical evidence that was not presented at trial;

9.  [B]y dismissing Mr. Webb's Count IX constitutional due process claim of *Brady* violations and *Giglio* violations for using known false witness testimonies where it pertains to the required elements of the charges;

10. [B]y dismissing Mr. Webb's Count X claim of prosecutorial misconduct for their intrusion into the privileged attorney-client communication;

11. [B]y denying Mr. Webb a requested evidentiary hearing to bring to the record evidence that the appellate counsel had conflict of interest to protect trial counsel interests in Mr. Webb's direct appeal; new reliable exculpatory evidence, physical evidence and expert analyses which was not presented at trial that proves Mr. Webb's innocence.

*Webb v. State*, S-18-0291 (Wyoming Supreme Court, Dec. 14, 2018) [Doc. 19-6, pp. 2-3].

The Court denied the petition without comment on January 17, 2019. *Id.*, Order Denying Petition for Writ of Certiorari/Review; *see also* Doc. 19-7. On February 21, 2019, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. [Doc. 1.] He now presents five grounds for relief:

I.   An alleged violation of his Fifth and Fourteenth Amendment rights to due process by the Wyoming Supreme Court's interpretation and application of Wyoming Rule of Criminal Procedure 48, and a concomitant violation of his Sixth Amendment right to a speedy trial. [Doc. 1, pp. 7-9.]

II.  An alleged violation of his Sixth Amendment right to effective assistance of appellate counsel as guaranteed by the Fourteenth

6

Amendment because of a conflict of interest between appellate and trial counsel. [Doc. 1, pp. 12-14.]

III.   An alleged violation of his Sixth Amendment right to counsel and the Due Process clause of the Fourteenth Amendment by the State's intrusion into and use of privileged attorney-client communication. [Doc. 1, pp. 16-18.]

IV.   An alleged denial of his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to due process because of counsel's failure to:
1.   Interview any witnesses;
2.   Failure to present evidence of innocence;
3.   Failure to impeach witnesses with recanted testimonies;
4.   Failure to independently investigate the damage to the vehicles;
5.   Failure to independently investigate the tire marks;
6.   Failure to investigate the distance from Derrington Avenue to the driveway;
7.   Failure to independently investigate the Suburban;
8.   Failure to investigate Petitioner's line of sight;
9.   Failure to investigate the rock causing Petitioner to sideswipe the Caravan;
10. Failure to present heat of passion evidence or request instruction; and
11. Failure to present the State's use of privileged communications to revise the evidence. [Doc. 1, pp. 21-27.]

V.   An alleged denial of his right to a speedy trial under the Sixth Amendment and his equal protection right under the Fourteenth Amendment by the Wyoming Supreme Court's application of speedy trial law. [Doc. 1, pp. 29-33.]

These claims are set forth in detail because a resolution of this matter requires an analysis of what claims were presented, in which court, and how those claims were articulated.

## DISCUSSION

Because Petitioner is proceeding *pro se*, the Court will construe his pleadings liberally. "'[A] pro se litigant's pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers.'" *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005), quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). If a court "can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d at 1110. "This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir.1997).

Furthermore, because Petitioner filed his petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, *see* Pub. L. No. 104-132, 110 Stat. 1228, he has the burden of satisfying AEDPA's requirements before this Court can grant relief. This includes exhausting all state remedies. 28 U.S.C. § 2254(b), (c).

Respondents have urged two grounds in their motion to partially dismiss the Petition: first, Petitioner has raised non-cognizable grounds for relief [Doc. 21, pp. 7-9], and second, many of the claims are procedurally defaulted. [Doc. 21, pp. 9-25.]

Non-cognizable grounds for relief. In his first claim, Petitioner asserts "[a]n alleged violation of his Fifth and Fourteenth Amendment rights to due process by the Wyoming Supreme Court's interpretation and application of Wyoming Rule of Criminal Procedure 48, and a concomitant violation of his Sixth Amendment right to a speedy trial." [Doc. 1, pp. 7-9; Doc. 2, pp. 16-35.] Despite Petitioner's reference to three provisions of the United States Constitution, in fact he is challenging the Wyoming Supreme Court's interpretation

8

and application of Wyoming law – specifically, Rule 48 of the Wyoming Rules of Criminal Procedure.

The law is well-established: "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). When a state court interprets state law, that interpretation is binding on a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Williams v. Trammell*, 782 F.3d 1184, 1195 (10th Cir. 2015). As the United States Supreme Court noted, "we have never required federal courts 'to peer majestically over the [state] court's shoulder so that [they] might second-guess its interpretation . . ..' " *Godfrey v. Georgia*, 446 U.S. 420, 450 (White, J., dissenting) (footnote omitted). Federal habeas is limited to questions of federal law and "this [C]ourt's role on collateral review isn't to second-guess state courts about the application of their own laws but to vindicate federal rights." *Eizember v, Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015).  A petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (10th Cir. 1996).

Petitioner's first claim challenges how Wyoming courts interpret and apply Rule 48 of the Wyoming Rules of Criminal Procedure. [Doc. 1, pp. 7-9; Doc. 2, pp. 16-35.] He phrases his argument in terms of due process, but his plea is actually for this Court to overturn the Wyoming Supreme Court's application of state law.

On direct appeal, Petitioner argued Rule 48 of the Wyoming Rules of Criminal Procedure was violated. *Webb v. State,* 401 P.3d at 918.[1] He also argued he was "denied his constitutional right to a speedy trial." *Id.* The Wyoming Supreme Court analyzed Rule 48 at length and concluded Petitioner's speedy trial rights under Rule 48 were not violated. *Id.* at 921, 929.

Rule 48 provides a procedural mechanism to protect the constitutional right to speedy trial. *Tate v. State*, 382 P.3d 762, 767 (Wyo. 2016). This is not a question of federal law because Wyoming courts treat the Sixth Amendment right distinct from the procedural rule. *Osban v. State*, 439 P.3d 739 (Wyo. 2019). Rule 48 "provide[s] structure" to the constitutional right to a speedy trial. *Id.* at 742.

This Court is bound by the state court's analysis of state law. *Bradshaw v. Richey*, 546 U.S. at 76. Thus, this portion of Claim I is not cognizable in federal habeas review and must be dismissed with prejudice.

The Wyoming Supreme Court also analyzed Petitioner's speedy trial claim by looking at the four factors established in *Barker v. Wingo*, 407 U.S. 514 (1972). *Webb v. State*, 401 P.3d at 921. After this analysis, the Court concluded Petitioner's right to a speedy trial was not violated. *Webb v. State*, 401 P.3d at 924-25.

---

[1] Three hundred ninety-six days elapsed between the date the State filed its first Information against Petitioner (July 1, 2014) and the conclusion of trial (July 31, 2015). *Webb v. State*, 401 P.3d at 922. Part of this delay – and the part about which Petitioner complains – was attributable to the three Informations filed by the State. On July 1, 2014, Petitioner was charged with one count of aggravated assault and battery with a deadly weapon in violation of Wyo. Stat. § 6-2-502(a)(ii) and (a)(iii). On July 31, 2014, the State dismissed that Information and filed a new Information, adding an additional count of aggravated assault and battery with a deadly weapon and one count of felony property destruction in violation of Wyo. Stat. §§ 6-3-201(a) and (b)(iii). The case was bound over to the district court; but on October 23, 2014, the State filed a new Information that added a count of attempted second degree murder, in violation of Wyo. Stat. §§ 6-1-301(a)(i) and 6-2-104. [Doc. 19-5, pp. 1-2.]

Because of the manner in which Petitioner raised this particular aspect of the Wyoming Supreme Court decision in his subsequent post-conviction filing and petition for writ of certiorari/review, the issue of procedural default must be discussed.  This concept also applies to the remainder of Petitioner's claims.

Procedurally defaulted claims.

Section 28 U.S.C. 2254(b)(1) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A petitioner must articulate his claim in a way that clearly alerts the reviewing court to the federal nature of the claim. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004).

> "Fair presentation" requires more than presenting all the facts necessary to support the federal claim to the state court or articulating a somewhat similar state-law claim. "Fair presentation" means that the petitioner has raised the substance of the federal claim in state court. The petitioner need not cite book and verse on the federal constitution, but the petitioner cannot assert entirely different arguments from those raised before the state court.

11

*Bland v. Sirmons*, 459 F.3d at 1011 (internal quotations and citations omitted); *see also Duncan v. Henry,* 513 U.S. 364, 366 (1995) ("mere similarity of claims is insufficient" for exhaustion).

As a general rule, an unexhausted claim is dismissed without prejudice, to allow a petitioner an opportunity to pursue available state-court remedies. If the court to which those claims must be presented would deem those claims to be procedurally barred, however, "there is a procedural default for the purposes of federal habeas review." *Bland v. Sirmons*, 459 F.3d at 1012, quoting *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir.1992).

> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. We therefore require a prisoner to demonstrate cause for his state-court default of *any* federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim. The one exception to that rule, not at issue here, is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice.

*Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (internal quotation marks and citations omitted) (emphasis in original).

A review of Petitioner's claims reveals several that were never presented to the Wyoming Supreme Court and thus are not properly exhausted. Other claims were never raised at all in any state court. These claims all are now procedurally barred, because Wyoming law does not permit Petitioner to pursue a second claim for post-conviction relief. Wyo. Stat. § 7-14-103(a)(ii). Claims that are procedurally barred are procedurally defaulted for the purpose of federal habeas corpus review. *Bland v. Sirmons*, 459 F.3d at 1012.

Under Wyoming law, any claim of trial level constitutional error must be brought on direct appeal because issues which have or could have been raised on appeal are procedurally barred

from being raised on a petition for post-conviction relief. *Murray v. State*, 776 P.2d 206, 208 (Wyo. 1989). Wyoming's post-conviction relief statute also procedurally bars any claim that was decided on the merits on direct appeal. Wyo. Stat. Ann. 7-14-103(a)(iii). The remedy available in post-conviction relief proceedings is "strictly limited to the statutory parameters set out by statute or case law." *Harlow v. State*, 105 P.3d 1049, 1056-57 (Wyo. 2005). The Wyoming Supreme Court has stated that the "intent of the statute is to limit a criminal defendant to 'one bite at the apple' when presenting claims on appeal." *Schreibvogel v. State*, 269 P.3d 1098, 1103 (Wyo. 2012).

Federal habeas relief is also barred where "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A federal court will presume the state court's findings on the state procedural requirement are correct because a "federal habeas court does not have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." *Fuller v. Pacheco*, 531 F. App'x 864, 868 (10th Cir. 2013) (*quoting Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010)).

**Claim I – Denial of right to a speedy trial.** In his first claim, Petitioner alleges a "violation of his Fifth and Fourteenth Amendment rights to due process by the Wyoming Supreme Court's interpretation and application of Wyoming Rule of Criminal Procedure 48, and a concomitant violation of his Sixth Amendment right to a speedy trial." As noted above, to the extent Petitioner alleges constitutional violations arising from the Wyoming Supreme Court's analysis of the Wyoming Rules of Criminal Procedure, that is a state law question, and the determination of the state court is binding on this Court.

What remains of Petitioner's first claim is an allegation of the denial of the Sixth Amendment right to a speedy trial. This was analyzed separately by the Wyoming Supreme Court,

looking at the four factors set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *Webb v. State*, 401 P.3d at 921-925 [Doc. 1, pp. 29-30].

However, Petitioner did not raise a Sixth Amendment claim in either his petition for post-conviction relief, or in his petition for writ of certiorari/review. In his post-conviction petition, Petitioner alleged the Wyoming Supreme Court violated his right to due process by inconsistently interpreting the law on speedy trial. His petition contained thirty-three pages of argument about the ways in which the Wyoming Supreme Court's application of Rule 48 violated the Fifth and Fourteenth Amendments – but not one word about the Sixth Amendment. (Petition at l05-138; *see* Doc. 19-4.) Similarly, the petition contained forty-five pages of argument outlining the alleged denial of his equal protection rights, because, Petitioner argued, the cases upon which the Wyoming Supreme Court relied in applying the *Barker* factors to his case were factually distinguishable. (Petition at 138-183; *see* Doc. 19-4). Again, he did not base his argument on the Sixth Amendment.

In his petition for writ of certiorari/review before the Wyoming Supreme Court, Petitioner again argued only due process and equal protection claims, and only in the context of objecting to the district court's application of the procedural bar rule under the state post-conviction act. [Doc. 19-6, pp. 2, 5-18.] He did not raise a Sixth Amendment speedy trial issue.

Petitioner's recurring efforts to clothe his speedy trial claim in ever-changing constitutional language has only served to solidify the procedural bar to its consideration in this Court. This portion of his speedy trial claim is deemed exhausted but procedurally defaulted for the purpose of federal habeas review. *Bland v. Sirmons*, 459 F.3d at 1012.

**Claim II – Right to appellate counsel.** Petitioner alleges a denial of his Sixth Amendment right to effective assistance of appellate counsel as guaranteed by the Fourteenth Amendment

because of a conflict of interest between appellate and trial counsel. While he argued he was denied effective assistance of counsel due to a conflict of interest both in his petition for post-conviction relief and the subsequent petition for writ of certiorari/review, he never alleged a violation of the Fourteenth Amendment. [Doc. 19-4, pp. 183-191; 19-6, pp. 2, 18-22.] Petitioner referenced many cases from different jurisdictions which discussed the effective assistance of counsel, and he quoted the Wyoming Rules of Professional Conduct for Attorneys at Law, but he did not argue nor provide legal support for a stated claim of a violation of the Fourteenth Amendment. Most of his argument consisted of reiterating the many items of evidence he believed should have been introduced at trial – and castigating appellate counsel's failure to address that evidence in the context of a claim of ineffective assistance of trial counsel.

Petitioner cannot now raise this issue in another post-conviction petition. Wyo. Stat. § 7-14-103(a)(ii). This claim is deemed exhausted but procedurally defaulted for the purpose of federal habeas review. *Bland v. Sirmons*, 459 F.3d at 1012.

**Claim III – Denial of right to counsel due to State's use of privileged attorney-client communication.** In his third claim in this habeas petition, Petitioner alleges a violation of his Sixth Amendment right to counsel and the Due Process clause of the Fourteenth Amendment by the State's intrusion into and use of privileged attorney-client communication.

Petitioner did not raise this issue on direct appeal, so it was not considered by the Wyoming Supreme Court. [Doc. 19-1.] He did raise it in his petition for post-conviction relief. [Doc. 19-4, pp. 260-275.] While Wyoming law normally does not allow a petitioner to raise trial level errors for the first time in post-conviction relief proceedings, an exception exists when ineffective assistance of appellate counsel is alleged as the cause of the failure to raise the issue on appeal. Wyo. Stat. Ann. § 7-14-103(b)(ii). This is "statutorily recognized as the 'portal' through which

otherwise waived claims of trial-level error may be reached." *Schreibvogel v. State*, 269 P.3d at 1102 (quoting *Keats v. State*, 115 P.3d 1110, 1115 (Wyo. 2005)); Wyo. Stat. Ann. § 7-14-103(a)(i) and (b)(ii).

In reviewing this claim, the state district court noted that what was at issue was a letter Petitioner wrote to his attorneys but mailed to his mother. Petitioner admitted he knew the letter might be reviewed by the jail. Furthermore, he did not provide evidence the prosecution actually obtained the letter or in any way utilized any information contained therein to alter its case against Petitioner. Finally, the court noted the letter was not a privileged communication because while it was addressed to his attorneys, Petitioner himself provided the document directly to a third party – his mother. The court quoted *Dobbins v. State*, 483 P.2d 255, 260 (Wyo. 1971), in noting that a confidential communication overheard by a third person is not privileged. [Doc. 19-5, pp. 9-10.] The court found Petitioner waived any privilege by voluntarily disclosing the communication. [*Id.*] The court concluded "[t]he statute only permits this Court to review appellate counsel's performance for failing to assert a claim that was likely to result in a reversal of the petitioner's conviction or sentence on his direct appeal. Wyo. Stat. Ann. §7-14-201(b)(ii)." Petitioner failed to state a claim for relief. [*Id.* at 11.]

In his petition for writ of certiorari/review filed before the Wyoming Supreme Court, Petitioner alleged the district court abused its discretion in dismissing the claim of "prosecutorial misconduct for their intrusion into the privileged attorney-client communication." [Doc. 19-6, pp. 36-37.] He waxed eloquent about the way in which the prosecution used information from the letter to revise the testimony of their crash analysis expert witness, by orchestrating recantation of witness testimony, and alter the facts of the crash. He challenged the ruling of the state district

court, but he did not actually raise the issue of denial of the right to counsel by the prosecution's supposed use of privileged information.

Thus, with respect to this third claim, Petitioner did not exhaust this claim. Wyo. Stat. §7-14-103(a)(1) and (b)(ii). He can no longer appeal the issue to the Wyoming Supreme Court because he was required to appeal the denial of his petition for post-conviction relief within 15 days. W.R.A.P. Rule 13.03. This claim is now procedurally defaulted.

**Claim IV – Denial of Sixth Amendment right to the effective assistance of counsel and Fourteenth Amendment right to due process.** In his fourth claim, Petitioner alleges constitutional violations due to his trial counsel's failure to engage in eleven pre-trial investigations and trial actions that Petitioner cites as constituting ineffective assistance of counsel:

1. Interview any witnesses;
2. Failure to present evidence of innocence;
3. Failure to impeach witnesses with recanted testimonies;
4. Failure to independently investigate the damage to the vehicles;
5. Failure to independently investigate the tire marks;
6. Failure to investigate the distance from Derrington Avenue to the driveway;
7. Failure to independently investigate the Suburban;
8. Failure to investigate Petitioner's line of sight;
9. Failure to investigate the rock causing Petitioner to sideswipe the Caravan;
10. Failure to present heat of passion evidence or request instruction; and
11. Failure to present the State's use of privileged communications to revise the evidence. [Doc. 1, pp. 21-27.]

Respondents contend the procedural default applied to claims 4 and 6 through 11, as they were raised in the petition for post-conviction relief, but not in the petition for certiorari/review filed before the Wyoming Supreme Court. [Doc. 21, p. 14.] This Court agrees that these issues were not presented in the petition for certiorari/review. [Doc. 19-

17

6, pp. 2-3.] However, based upon a review of the petition for post-conviction relief, this Court finds that all eleven of the articulated sub-claims were presented to the state district court [Doc. 19-4, pp. 190-219, 230-242, 260-275]. Petitioner combined those issues into six arguments, as outlined in the district court's order. [Doc. 19-5, p. 3.] The district court ruled on these issues, noting first that Petitioner did in fact raise the issue of effective assistance of counsel on appeal, alleging his trial counsel was ineffective for not requesting a jury instruction on accident. *Webb v. State*, 401 P.3d at 926-928; *see also* Doc. 19-5, pp. 4-5 ("[Petitioner] cannot bring the issue of ineffective assistance of trial counsel both on appeal and in a post-conviction relief proceeding, even if on different grounds. Ineffective assistance of counsel is a single claim, and because the claim of ineffective assistance of counsel was raised in the direct appeal, and was decided against the Petitioner, he is barred by the provisions of Wyo. Stat. Ann. § 7-14-103(a)(iii) from raising that claim again in a post-conviction relief petition.")(internal citations omitted). The district court then found each of Petitioner's claims regarding the effective assistance of counsel to be procedurally barred. [Doc. 19-5, pp. 5-6.]

The Tenth Circuit recently underscored the requirement for a petitioner to precisely state claims before all reviewing courts, particularly in the context of claims alleging ineffective assistance of counsel. In *Davis v. Sharp,* 943 F.3d 1290 (10th Cir. 2019), the Court analyzed a §2254 petition which alleged both that trial counsel was ineffective for failing to investigate and present certain evidence, and that appellate counsel was similarly ineffective on appeal. The district court ruled the claims were unexhausted and subject to a procedural bar, a decision with which the Tenth Circuit agreed. *Id.* at 1296. The Court noted that a "fair presentation" to the state

court of the claims asserted on federal habeas review required far more than merely mentioning a concept or concern in a previous proceeding. *Id.* ("[T]he mere appearance of the word 'depression' in a report that Davis submitted to support an IAC [ineffective assistance of counsel] claim about PTSD was insufficient to exhaust IAC claims about depression that did not appear in Davis's postconviction application.")

Petitioner has repeatedly raised the issue of the effectiveness of his trial and appellate counsel. Altering the language he uses in each new iteration of the issue does not avoid the procedural bar nor bring him closer to the relief he seeks. This claim is deemed exhausted but procedurally defaulted for the purpose of federal habeas review. *Bland v. Sirmons*, 459 F.3d at 1012.

### Claim V – Denial of right to a speedy trial

In his final claim, Petitioner returns to the topic of speedy trial, alleging a denial of his right to a speedy trial under the Sixth Amendment and his equal protection right under the Fourteenth Amendment by the Wyoming Supreme Court's application of speedy trial law. [Doc. 1, pp. 29-33.] Petitioner raised the Sixth Amendment issue on direct appeal [Doc. 19-1, pp. 18-24; *Webb. V. State*, 921-26], and the equal protection issue in his petition for post-conviction relief [Doc. 19-4, pp. 140-186.], and the petition for writ of certiorari/review. [Doc. 19-6, pp. 15-18.]

The Wyoming Supreme Court ruled against Petitioner on direct appeal with respect to his speedy trial claim. On post-conviction, Petitioner argued the Wyoming Supreme Court violated his right to equal protection in the way it applied precedent in determining his Sixth Amendment speedy trial claim. The state district court found the equal protection issue was procedurally barred by the statute because the substance of his claim, a violation of his speedy trial right, was previously determined on the merits.

19

Although the Wyoming Supreme Court denied Petitioner's petition for writ of certiorari/review without comment, without comment, the United States Supreme Court has held, "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Thus, the district court's reasoning is imputed to the higher court. *Id.* Because state procedural rules barred this equal protection claim, this claim is procedurally defaulted for federal habeas review.

Overcoming the procedural bar

All of Petitioner's claims are procedurally barred. The only manner in which this Court can consider any of the claims is for Petitioner to demonstrate both cause and prejudice. The United States Supreme Court ruled, "We therefore require a prisoner to demonstrate cause for his state-court default of *any* federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim. The one exception to that rule, not at issue here, is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice." *Edwards v. Carpenter,* 529 U.S. at 451 (emphasis in original). Petitioner has failed to demonstrate – or in most cases even argue – either cause or prejudice. He does argue that certain alleged errors amount to a miscarriage of justice, but cannot support those contentions in a manner sufficient to overcome the bar.

No cause to be excused from procedural bar

The existence of "cause" to excuse a procedural default usually requires that "something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . .impeded [his] efforts to comply with the [s]tate's procedural rule." *Davis v. Sharp*, 943 F.3d at 1298 (internal

20

quotations omitted). *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Court gave as examples "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. at 488 (internal citations and quotation marks omitted).

Petitioner does not allege cause for his failure to present certain arguments with respect to most of his claims.  For example, in his second ground for relief, Petitioner claims a violation of his right to counsel under the Sixth and Fourteenth Amendments. [Doc. 1, p. 12.] He did not assert the Fourteenth Amendment violation in any state court and does not now allege nor demonstrate any cause for his failure to do so.

Similarly, Petitioner did not argue or demonstrate cause for his failure, in his third ground for relief, to properly raise the issue of a violation of his Sixth Amendment right to counsel and Fourteenth Amendment right to a fair trial under the due process clause. [Doc. 1, p. 16.] He provides no explanation, much less cause, for his failure to comply with the procedural rule that required he present trial level errors through the portal of ineffective assistance of appellate counsel. [Doc. 1, pp. 16-20; Doc. 2, pp. 43-54.].

In his fourth ground for relief, Petitioner alleged eleven claims of ineffective assistance of trial counsel and argued ineffective assistance of appellate counsel as the cause for not bringing these claims on direct appeal. [Doc. 1, pp. 21, 27-28.] He did not raise these issues before the Wyoming Supreme Court in his petition for writ of certiorari/review. [Doc. 19-4, pp. 190-191; 19-6, pp. 23-27.] Again, Petitioner does not assert any cause for his failure to present these claims before the appropriate court.

Petitioner's fifth and final ground for relief contains a Fourteenth Amendment claim of a

violation of his right to equal protection. [Doc. 1, pp. 29-30.] Petitioner presented this claim for the first time in his petition for post-conviction relief, and the state district court found it was procedurally barred because it was simply different grounds for a claim already determined on the merits on appeal. [Doc. 19-4, pp. 138-8; 19-6, p. 7.] Again, Petitioner does not assert any cause for not bringing the Fourteenth Amendment claim on direct appeal with the related Sixth Amendment claim.

Prejudice

The United States Supreme Court requires a petitioner to demonstrate both cause "and prejudice therefrom, before the federal habeas court will consider the merits of that claim." *Edwards v. Carpenter*, 529 U.S. at 451. Petitioner did not argue cause with respect to any of his claims, nor did he argue – much less demonstrate – prejudice. He has failed to carry his burden in this regard.

No miscarriage of justice

If a petitioner has been unable to establish "cause and prejudice" sufficient to overcome a procedural bar, he may obtain review "only if he falls within the 'narrow class of cases ... implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995), *quoting McCleskey v. Zant*, 499 U.S. 467, 493-494 (1991).

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful . . . To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice.

*Schlup v. Delo*, 513 U.S. at 324, 327 (internal citation omitted).

The Tenth Circuit has noted that federal courts have only a "limited license" to reach back "into the sacrosanct arena of the jury's guilt or innocence determination." *Parks v. Reynolds*, 958 F. 989, 995 (10th Cir. 1992).

> [W]here the defendant shows no cause for failing to raise these claims earlier, the defendant must show—at the threshold—both a constitutional violation and a colorable showing of factual innocence. Factual innocence must mean *at least* sufficient claims and facts that—had the jury considered them—probably would have convinced the jury that the defendant was *factually innocent*.

*Id.* (emphasis in original).

Petitioner asserts a miscarriage of justice relating to his second claim for relief, a violation of the right to effective assistance of counsel due to a conflict of interest between appellate and trial counsel. [Doc. 1, p. 12; Doc. 2, pp. 40-41, 57-58.] The constitutional standard, however, requires Petitioner to demonstrate that but for appellate counsel's alleged conflict of interest, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. at 327. Appellate counsel's conflict, even if proven, could in no way have affected the jury's finding of guilt because it occurred after the trial. This issue, quite simply, does not present the sort of "miscarriage of justice" contemplated by the courts to avoid a procedural default.

Petitioner also alleges a miscarriage of justice related to his fourth ground for relief, in which he lists eleven instances of ineffective assistance of trial counsel. [Doc. 1, pp. 21-27; Doc. 2, pp. 57-58.] His argument, condensed from the hundreds of pages he has presented in several courts, distills down to this: if only the jury had heard or seen this evidence, he would surely be a free man today. However, Petitioner fails to carry his burden of demonstrating a miscarriage of justice because of his trial counsel's conduct in representing him at trial.

The United States Supreme Court articulated the governing law on effective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the Court held to prevail on a

claim that counsel was ineffective, a defendant must show both the counsel performance "fell below an objective standard of reasonableness" and "the deficient performance prejudiced the defense." *Id.* at 687-88. Failure to establish either prong is dispositive of the claim. *Byrd v. Workman,* 645 F.3d 1159, 1168 (10th Cir. 2011). A court's review of counsel's performance is "highly deferential," and counsel is presumed "to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* (internal quotations and citations omitted). Furthermore, "[c]ounsel [i]s entitled to formulate a strategy that [i]s reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Ellis v. Raemisch*, 872 F.3d 1064, 1084 (10th Cir. 2017) (internal quotations and citation omitted.) Petitioner has not overcome the presumption of counsel's competence, and thus has failed in his burden to demonstrate a miscarriage of justice to avoid procedural default.

Petitioner lists eleven actions – or failures – on the part of his trial counsel, which he claims violate his right to effective assistance of counsel.

1. Interview any witnesses;
2. Failure to present evidence of innocence;
3. Failure to impeach witnesses with recanted testimonies;
4. Failure to independently investigate the damage to the vehicles;
5. Failure to independently investigate the tire marks;
6. Failure to investigate the distance from Derrington Avenue to the driveway;
7. Failure to independently investigate the Suburban;
8. Failure to investigate Petitioner's line of sight;
9. Failure to investigate the rock causing Petitioner to sideswipe the Caravan;
10. Failure to present heat of passion evidence or request instruction; and
11. Failure to present the State's use of privileged communications to revise the evidence. [Doc. 1, pp. 21-27.]

Petitioner's allegations, no matter how frequently or vociferously stated, do not demonstrate a miscarriage of justice. The claim of ineffective assistance of counsel in his direct

appeal was decided against him. *Webb v. State*, 401 P.3d at 926-927. His efforts to revise the claim, into one of ineffective assistance of appellate counsel for failing to raise the issue of the effectiveness of trial counsel, was similarly unavailing. The state district court cited *Schreibvogel v. State*, 269 P.3d at 1103, for the concept that ineffective assistance of counsel is a single claim, and once it was decided against Petitioner on direct appeal, he was barred from raising it in a post-conviction petition. [Doc. 19-5, p. 5.] The Wyoming Supreme Court rejected his repeated efforts to raise this claim in his petition for writ of certiorari/review.

Now, he separates the claim into eleven instances, although his arguments flow one into the other and become simply Petitioner's argument as to his version of events. For example, with respect to his first assertion, trial counsel's failure to "interview *any* witnesses," he identifies only one, Ms. Szeto. [Doc. 2, p. 55.]

His second through ninth assertions seem to be related, and stem from his allegation that his estranged wife hit his car, and not the other way around. [Doc. 2, pp. 54-69.] He argues at length about the vehicle inspection, which – his fourth assertion notwithstanding – did in fact occur. His own memorandum and exhibits show trial counsel ordered a crash analysis, the results of which were not favorable to Petitioner's defense. [Doc. 2, pp. 56, 59-60; Doc. 2-1, pp. 98-99, 103-104.] He included as exhibits many photos of the vehicles involved in the collision [Doc. 2-1, pp. 51-62], including several with handwritten notes purportedly containing the opinions of body shop technicians as to the cause of the damage depicted in the photos [Doc. 2-1, pp. 59-62], but he failed to specify how the photos were used in the trial, or which ones should have been introduced but were not. In addition, Petitioner provides a portion of a document from the Casper Police Department, entitled "Follow-up Investigation," which touched on the questions of visibility, distance to Derrington Avenue, and the possible speed at which Petitioner's vehicle was

traveling. [Doc. 2-1, p. 64.] Again, Petitioner does not specify how or whether this evidence was used at his trial, but it does demonstrate that third-party information available to the prosecution and defense counsel cast doubt on Petitioner's version of events.

In his tenth allegation, Petitioner alleges his trial counsel was ineffective for failing to present evidence that he acted in the heat of passion. But "to demonstrate a fundamental miscarriage of justice, a defendant must make a showing of factual innocence, not legal innocence." *Black v. Workman,* 682 F.3d 880, 915 (10th Cir. 2012). The miscarriage of justice exception does not apply to a heat of passion claim because that is an assertion of legal innocence, not factual innocence. *Ellis v. Hargett,* 302 F.3d 1182, 1186 n.1 (10th Cir. 2002). Petitioner cannot avoid procedural default on this claim.

Petitioner's eleventh claim is not based on the facts of what occurred at trial, as analyzed by the state district court in the petition for post-conviction relief.  Petitioner alleges his trial counsel was ineffective for failing to challenge the State's use of privileged communications to revise the evidence it presented in its case. The district court's ruling on this issue notes that there was no privileged communication: Petitioner voluntarily sent a letter to his mother, although he addressed it to his attorneys.  Petitioner knew the letter might be searched by the jail.  Furthermore, he could not demonstrate any facts indicating the prosecution saw the letter or used it in any way to alter the presentation of its case. [Doc. 19-5, pp. 9-11.]

Petitioner failed to make a claim for ineffective assistance of trial counsel on post-conviction relief. He could not show his trial counsel's performance was deficient with respect to this claim. *Ellis v. Hargett,* 872 F.3d 1186-87. Thus, he has failed to satisfy the first prong of a constitutional violation to show a miscarriage of justice, and therefore he does not meet the miscarriage of justice exception to procedural default. *Parks v. Reynolds,* 958 F.2d at 995.

The words of the Tenth Circuit Court of Appeals come to mind in summing up this review of Petitioner's exhaustively-argued litany of claims against his counsel: "Pages and pages of facts are no substitute for citations to clearly established law.  Nor can they meet [Petitioner's] burden . . .." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998).

## CONCLUSION

Petitioner's claims are dismissed with prejudice.  Petitioner's first claim, challenging the Wyoming Supreme Court's application of a rule of Wyoming Criminal Procedure, is not cognizable in federal habeas corpus.  To the extent he attempted to raise a Sixth Amendment issue, it is unexhausted, but procedurally defaulted from review.

His second claim, alleging a denial of his right to appellate counsel, is deemed exhausted but procedurally defaulted for the purpose of federal habeas review.

Petitioner's third claim, alleging the denial of right to counsel due to the prosecution's sue of privileged attorney-client communications, is not exhausted. He can no longer appeal this issue and so this claim is now procedurally defaulted.

Petitioner's fourth claim, alleging a plethora of ways in which he was denied the effective assistance of counsel, is exhausted and procedurally defaulted.

The fifth and final claim, asserting a denial of his right to a speedy trial, is also exhausted and procedurally defaulted.

Petitioner failed to demonstrate either cause or prejudice to avoid the procedural bar. Similarly, he failed to carry his burden of demonstrating a miscarriage of justice.

IT IS THEREFORE ORDERED Respondents' Motion to Partially Dismiss the Petition [Doc. 20] is GRANTED:

IT IS FURTHER ORDERED that all claims set forth in the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. 1] are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a Certificate of Appealability (COA) SHALL NOT ISSUE. When a habeas petition is denied on procedural grounds, a petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner Webb cannot make such a showing.

Dated this _____ day of April, 2020.

_____
Alan B. Johnson
United States District Judge

28